# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID WATTIE-BEY,** | : | **CIVIL NO. 1:13-CV-396** |
| **Plaintiff,** | : | |
| v. | : | **(Chief Judge Kane)** |
| **STEPHENS AND MICHAELS ASSOCIATES,** | : | **(Magistrate Judge Carlson)** |
| **Defendant.** | : | |

## MEMORANDUM ORDER

This is a *pro se* consumer protection action, brought by David Wattie-Bey. The plaintiff has filed a motion to strike in this matter, (Doc. 14.), which complains that the defendant's answer contains certain items of surplusage, such as demands for proof of the plaintiff's allegations, a prayer for recovery of attorney's fees by the defendant, and averments that certain statements made by the plaintiff in his complaint are legal conclusions, as to which no response is required. (Id.)

At the case management conference held in this matter, the parties addressed this motion, and the defense counsel agreed that the demands for proof set forth in the answer were surplusage. The court also explained to the plaintiff that the answer's averments that certain statements made by the plaintiff in his complaint are legal conclusions, as to which no response is required, is not a disparagement of the

complaint but simply an acknowledgment that the legal claims in the complaint do not require a response.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice §

12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, upon consideration of the motion to strike, and given the defendant's acknowledgment that the answer's demand for proof is surplusage, the motion will be GRANTED, in part, and these averments will be treated as surplusage, with the understanding that the plaintiff must ultimately prove what is alleged in the complaint. Therefore, for the foregoing reasons, the plaintiff's motion to strike (Doc. 14.), is GRANTED, in part.

So ordered this 24th day of May 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge