# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID WATTIE-BEY, | : | Civil No. 1:13-CV-396 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| STEPHEN AND MICHAELS | : | |
| ASSOCIATES, INC., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This is a *pro se* civil rights complaint brought by David Wattie-Bey against Stephens and Michaels Associates, Inc. In his *pro se* complaint, Wattie-Bey alleges that debt collection activities undertaken by Stephen and Michaels Associates violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, and the Telephone Consumer Protection Act, 47 U.S.C. §227. (Doc. 1) In particular, Wattie-Bey alleged that the defendant violated the Telephone Consumer Protection Act by using artificial and/or predictive dialer technology when placing automated calls to Wattie-Bey's cell phone without his consent, (Doc. 1, ¶13), an allegation which the defendant denied. (Doc. 11, ¶13)

Wattie-Bey has now moved for partial summary judgment on this claim, citing to excerpts from the defendant's website which he alleges support his contention that Stephen and Michaels violated the Telephone Consumer Protection Act by using artificial and/or predictive dialer technology when placing calls to the plaintiff. (Doc. 24) The defendant has responded to this motion by denying these claims, and submitting an affidavit which disputes these claims factually on a number of grounds. (Doc. 33) Thus, the contrasting pleadings of the parties in this case plainly highlight factual disputes regarding the telephone technologies used by the defendant to contact the plaintiff, as well as the legal implications of these disputed technological choices. Given these legal and factual disputes it is recommended that the plaintiff's motion for partial summary judgment motion be denied.

**II.     Wattie-Bey's Motion for Partial Summary Judgment Should be Denied**

The plaintiff has moved for partial summary judgment with respect to his claims under the Telephone Consumer Protection Act, 47 U.S.C. §227, pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered

to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that

3

party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Here, Count I of Wattie-Bey's complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, which provides that it is unlawful to use an automated telephone service to make an artificial or pre-recorded telephone call to the cellular telephone of another person, without the prior express consent of the called party. 47 U.S.C. §227(b)(1)(A)(iii). In response to Wattie-Bey's motion for partial summary judgment with respect to this count of his complaint, the defendant has alleged that did not use an automated telephone service when contacting the plaintiff, and has asserted that its activities fall within the "prior express consent" exception of the statute, an exception which has been construed as follows: "[A]utodialed and prerecorded message calls to wireless numbers that are provided

by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." FCC Declaratory Ruling 07-232 p.1 (Jan.4, 2008). According to Stephen and Michaels as a legal matter:

> The FCC has created two regulatory exemptions that are applicable to the debt-collection calls . . . . First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]" 47 C.F.R. 64.1200(a)(2)(iv). Second, the FCC exempts any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]" 47 C.F.R. 64.1200(a)(2)(iii). The FCC has made clear that these two exemptions "apply where a third party places a debt collection call on behalf of the company holding the debt." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995). The FCC has also clarified that "all debt collection circumstances involve a prior or existing business relationship." Id. at 8771–72, ¶ 36.

Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011).

In this case we find that there are plainly disputed issues of fact regarding whether the defendant used automated telephone services in its contacts with Wattie-Bey, and whether those contacts fell within recognized exemptions to the Telephone Consumer Protection Act. Where such disputed issues of material fact exist summary judgment is not appropriate and a motion for summary judgment should be denied. See e.g., Downing v. Papa John's USA, Inc., 2:12CV422, 2013 WL 2158410 (E.D.

5

Va. May 15, 2013)(denying summary judgment on TCPA claim due to factual disputes); Pasco v. Protus IP Solutions, Inc., 826 F. Supp. 2d 825, 829 (D. Md. 2011)(same).

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for partial summary judgment (Doc. 24) be DENIED. Since we are recommending that this motion for partial summary judgment be denied, IT IS ALSO ORDERED that the plaintiff's motion to stay discovery responses pending resolution of this motion (Doc. 38), is also DENIED.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of October 2013.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge