IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID WATTIE-BEY, | : | |
|     Plaintiff | : | |
| | : | No. 1:13-cv-00396 |
| v. | : | |
| | : | (Judge Kane) |
| STEPHEN AND MICHAELS | : | |
| ASSOCIATES, INC. | : | (Chief Magistrate Judge Carlson) |
|     Defendant | : | |

**ORDER**

Before the Court is Plaintiff's motion for partial summary judgment (Doc. No. 24), Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 46), and Plaintiff's objections thereto (Doc. No. 49), Plaintiff's motion to take notice of newly-discovered evidence (Doc. No. 50), and, Plaintiff's request for a settlement conference (Doc. No. 52). For the reasons that follow, the Court will adopt the Report and Recommendation, deny Plaintiff's motion for partial summary judgment, grant Plaintiff's motion to take notice of newly-considered evidence, and, refer the matter back to Chief Magistrate Judge Carlson for settlement discussions.

**I.    BACKGROUND**

Plaintiff David Wattie-Bey, who is proceeding pro se in the above-captioned action, filed a complaint on February 14, 2013, in which he alleged that Defendant Stephen and Michaels Associates had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. No. 1.) In particular, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act by using artificial and/or predictive dialer technology when placing automated calls to Plaintiff's cellular phone number 717-379-1766 without his consent. (Id. ¶ 13.) Defendant denies this allegation. (Doc. No. 11 ¶

13.)

On August 4, 2013, Plaintiff moved for summary judgment on Count One of his complaint, which alleged that Defendant willfully and knowingly violated the Telephone Consumer Protection Act by calling Plaintiff's personal cellular phone in an effort to collect an alleged debt without Plaintiff's consent. (Doc. No. 24.) In support of his motion, Plaintiff cites a portion of Defendant's website which read:

> We stress telephone dialogue, as our experience has shown it to be the most effective way to obtain payment. Utilizing our integrated predictive dialer, we make telephone attempts as often as legally allowed until contact is made or the debt is deemed uncollectible.

(Doc. No. 24-2 at 2, Doc. No. 24-3 ¶ 4.) Plaintiff asserted that because Defendant's website advertised that it used an "integrated predictive dialer," it is undisputed that Defendant used an automatic telephone dialing system without Plaintiff's consent and therefore violated Section 227(1)(A)(iii) of the Telephone Consumer Protection Act. (Id.) In response, Defendant argued that its telephone dialing system, although advertised as a "predictive" dialer, does not fall within the meaning of an "automatic telephone dialing system" within the meaning of the TCPA because it neither uses random or sequential number generations nor has the capacity to dial numbers without human intervention. (Doc. No. 32 at 3.)

On October 22, 2013, Chief Magistrate Judge Carlson prepared a Report and Recommendation on Plaintiff's motion for partial summary judgment, in which he recommended that the Court deny Plaintiff's motion on the grounds that genuine disputes of material fact exist about whether Defendant used automated telephone services when contacting Plaintiff, and whether its conduct fell within the "prior express consent" exemption to the TCPA. (Doc. No.

46 at 5.) Plaintiff timely filed objections.[1] Approximately two weeks after Plaintiff filed objections, Plaintiff also moved the Court to reconsider his motion for summary judgment on the basis of newly-discovered evidence, namely, a copy of a T-Mobile account application filled out in the name of Carrie Mixell, which shows Plaintiff's alleged cellular number 717-379-1766 listed on the account. (Doc. No. 50, Doc. No. 50-2.) The Court will grant Plaintiff's motion to take notice of newly-discovered evidence, and will review the application as part of the record when deciding Plaintiff's motion for partial summary judgment.

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Am. Eagle Outfitters v. Lyvle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In deciding whether to accept, reject, or modify any part of the magistrate judge's disposition, the Court must make a de novo determination of the portions to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**III. DISCUSSION**

The Telephone Consumer Protection Act (TCPA), in relevant part, makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission, in a declaratory ruling issued on January 4, 2008, clarified that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt" fall within the exception for calls made with the "prior express consent" of the called party. 23 F.C.C.R. 559, 564 (Jan. 4, 2008). Prior express consent is deemed to be granted only if the wireless number is provided by the consumer to the creditor, and the number was provided during the transaction that resulted in the debt owed. Id. at 564-65. "Should a question arise as to whether express

4

consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." Id. at 565.

Plaintiff objects to the Report and Recommendation on the grounds that Defendant failed to demonstrate that its calls to Plaintiff fall within the "prior express consent" exception and therefore Plaintiff is entitled to summary judgment on his TCPA claim. (Doc. No. 49-1 at 2.) In support, Plaintiff cites his affidavit submitted in conjunction with his objections, in which he attests that the cellular number was not assigned or used by Plaintiff until October 2009; Plaintiff was not the primary account holder on the cellular number account; and, that the cellular number is not connected to any alleged existing debt from 2004-2006. (Doc. No. 49-5 ¶¶ 2-6.) By contrast, Defendant asserts that Plaintiff provided his cellular number when he opened an account with T-Mobile, and thus he "evidenced prior express consent to be called by a collection agent for T-Mobile in matters relating to this T-Mobile account." (Doc. No. 32 at 2; Doc. No. 33-2 ¶ 1(A); Doc. No. 33-1 ¶¶ 4-6.)

Having reviewed the parties' submissions, the Court finds that a genuine dispute of material fact exists about whether Defendant obtained Plaintiff's prior express consent. Plaintiff asserts that the cellular number was not established until October 2009, and Defendant subsequently called him on the number about an unspecified debt from 2004-2006. (Doc. No. 49-1 at 2.) Defendant attests that Plaintiff provided this number when applying for a T-Mobile account, and therefor Plaintiff consented to contact about any debt in connection with the account. (Doc. No. 33 ¶ 3; Doc. No. 33-1 ¶ 5.) Although Plaintiff submitted a copy of a T-Mobile application revealing that an individual named Carrie Mixell opened a T-Mobile account on December 9, 2009, and Plaintiff alleges that Defendant subsequently called him about a debt

5

on a number connected with that account, the Court cannot find, at this juncture, that Plaintiff has demonstrated Defendant did not obtain prior express consent. Without more evidence concerning the alleged debt, the dates of the phone calls, and whether Plaintiff's telephone number was associated with any other accounts, the Court finds that Plaintiff is not entitled to summary judgment on his TCPA claim. See Jersey City Pub. Sch., 486 F.3d at 794 ("In considering a motion for summary judgment, we consider all evidence in light most favorable to the party opposing the motion."). The Court will thus overrule Plaintiff's objection that no genuine dispute of material fact exists on whether Defendant obtained prior express consent, and adopt the Report and Recommendation.

## IV. CONCLUSION

The Court finds that Plaintiff has failed to submit sufficient evidence demonstrating he is entitled to summary judgment on Count One of his complaint, and will overrule Plaintiff's objection to the Report and Recommendation. The Court will therefore adopt Chief Magistrate Judge Carlson's Report and Recommendation, and deny Plaintiff's motion for partial summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WATTIE-BEY, :
    Plaintiff :
 : No. 1:13-cv-00396
v. :
 : (Judge Kane)
STEPHEN AND MICHAELS :
ASSOCIATES, INC. : (Chief Magistrate Judge Carlson)
    Defendant :

## ORDER

**AND NOW,** on this 14th day of January, 2014, **IT IS HEREBY ORDERED THAT**:

1. Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 46) is **ADOPTED;**

2. Plaintiff's motion for partial summary judgment (Doc. No. 24) is **DENIED**;

3. Plaintiff's motion to take notice of newly-discovered evidence (Doc. No. 50) is **GRANTED**;

4. The Clerk of Court is directed to defer entering judgment until all claims are adjudicated; and,

5. The above-captioned action is **REFERRED** to Chief Magistrate Judge Carlson for settlement discussions.

                                                  s/ Yvette Kane
                                                Yvette Kane, District Judge
                                                United States District Court
                                                Middle District of Pennsylvania